UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LAWTON HOLLOWAY, ) | Civil Action No. 4:18-cv-2485-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| KATHY WHITE, Medical Examiner, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights with respect to the medical care provided to him at the Spartanburg County Jail. Presently before the court are Plaintiff's Motion for Summary Judgment (ECF No. 25) and Motion to Amend his Complaint (ECF No. 26). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

In his motion to amend, Plaintiff seeks to add as defendants Deputy Quin, who he alleges waited thirty minutes to an hour to seek medical attention for him while he was "on the floor bleeding out," and Nurse Blackwell and/or Nurse Jane Doe, who gave him medication without proper instructions, which caused him to blackout and sustain major head trauma.

Rule 15(a)(2), Fed.R.Civ.P., provides that leave to amend a pleading should be given freely when justice so requires. "The law is well-settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999)(citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222

(1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir.1986)). Plaintiff has set forth sufficient allegations in his proposed amendments that allowing the amendment would not be futile, in bad faith, or prejudicial. Therefore, Plaintiff's Motion to Amend his Complaint (ECF No. 26) is **GRANTED**.

The clerk's office is directed to attach Plaintiff's Motion to his Amended Complaint (ECF No. 14) and file them together as a Second Amended Complaint.

The Plaintiff is directed to

1) Complete, sign, and return **a separate Form USM-285** for each Defendant listed in his motion to amend. **Only one Defendant's name and street address should appear on each form. Defendant's name and street address should be placed in the spaces preceded by the words "SERVE AT." Plaintiff's name and address should be placed in the space designated "SEND NOTICE OF SERVICE COPY TO . . .", and Plaintiff should sign where the form requests "Signature of Attorney or other Originator . . . ." Plaintiff must provide Defendant's complete street address on the form (not a post office box address).** Plaintiff must provide, and is responsible for, information sufficient to identify Defendant(s) on the Forms USM-285. The United States Marshal cannot serve an unidentified Defendant, and unserved Defendants may be dismissed as parties to this case.

Three blank forms USM-285 are attached for Plaintiff's use.

2) Complete **one summons form for each Defendant named** in Plaintiff's motion to amend. In the space preceded by "TO: (Name and address of Defendant)," Plaintiff is required to **provide complete name and a full street address where Defendant(s) can be served.** Plaintiff's name and address should be printed in the section for "PLAINTIFF'S ATTORNEY (name and address)." Nothing else should be written by Plaintiff on either the front or back of the summons or in the margins.

Three blank summons forms are attached for Plaintiff's use.

**Plaintiff must return these USM-285 forms and summonses within twenty-one days of the date of this order.**

In addition, Plaintiff's Motion for Summary Judgment (ECF No. 25) is premature and, thus, is **DENIED** without prejudice and with leave to refile.

**IT IS SO ORDERED.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 7, 2019
Florence, South Carolina