UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Lawton Holloway, | ) | C/A No. 4:18-2485-JFA-TER |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Kathy White, Medical Examiner; Deputy Quin; Nurse Blackwell; and Nurse Jane Doe, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff was a pretrial detainee at the Spartanburg County Jail at the time he filed this action pursuant to 42 U.S.C. § 1983. He alleges that the defendants violated his constitutional rights related to his medical care while at the Jail.

The defendants filed motions for summary judgment after the plaintiff filed a second amended complaint. The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying the plaintiff of the summary dismissal procedure and possible consequences if the plaintiff failed to adequately respond to the motions for summary judgment. The plaintiff did not respond to the defendants' motions. Both times the *Roseboro* order mailed to the plaintiff was returned to the Clerk by the U.S. Postmaster as undeliverable.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge

Recommendation wherein he suggests that this court should dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution and failure to comply with court orders.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 31, 2019 (ECF No. 53). On June 21, 2019, the plaintiff filed a notice of change of address and requested an extension of time to file objections to the Report. This court granted the motion and set a new objection deadline of July 22, 2019. As of the date of this order, no objections have been filed and the deadline has now expired.

In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). "[G]eneral and conclusory objections that do not direct the court to a specific error in the Magistrate's proposed findings and recommendations" are not specific objections and do not warrant de novo review. *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

---

with instructions. 28 U.S.C. § 636(b)(1).

[2] The Magistrate Judge issued two proper form orders early in this case, advising the plaintiff that that if he failed to bring his case into proper form, the action may be dismissed for failure to prosecute and failure to comply with an order of the court under Fed. R. Civ. P. 41. *Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989); Davis v. Williams, 588 F.2d 69 (4th Cir. 1978)*; Fed. R. Civ. P. 41(b). The plaintiff eventually complied and submitted the proper forms. He amended his original complaint twice during the course of this litigation.

After carefully reviewing the applicable laws and the record in this case, this court accepts the Magistrate Judge's Report and Recommendation and finds that that the Report fairly and accurately summarizes the facts and applies the correct principles of law.

Accordingly, this action is dismissed with prejudice for lack of prosecution pursuant to Rule 41(b). The Clerk is directed to terminate all pending motions in this case.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

July 25, 2019
Columbia, South Carolina